UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 14-10104-WGY |
| | ) | |
| OSCAR HERNANDEZ JR. | ) | |

DEFENDANT'S SENTENCING MEMORANDUM

Defendant Oscar Hernandez Jr. respectfully submits this Memorandum in aid of sentencing.

A. Proceedings To Date

On April 16, 2014, defendant was arrested in the Middle District of Florida on a warrant from this Court. He was thereafter transported to this District, appearing on May 13, 2014, and has been continuously detained.

On January 21, 2015, defendant pled guilty to the six-count Superseding Indictment charging in counts 1-3 false declaration before a grand jury, in violation of 18 U.S.C. § 1623; in count 4 obstruction of justice, in violation of 18 U.S.C. § 1503; in count 5 witness tampering, in violation of 18 U.S.C. § 1512(b)(1) and (b)(2)(A); and in count 6 conspiracy to deliver firearms to non-resident, in violation of 18 U.S.C. § 371.

He had been in custody 1 year and 11 days.

B. The Guidelines

At the plea colloquy, this Court advised defendant that

THE COURT: … if the enhancements go his [the government's] way but I give the discount, you're looking at, and the sentencing guidelines advise me of this, you're looking at between 15 and 21 months in prison. Do you understand that?

1

THE DEFENDANT: Yes, your Honor

Transcript of Plea Proceeding, January 21, 2015 at 27-28. This warning, capping defendant's exposure, reflected the government's position in its plea agreement that the guideline is TOL 14 in CHC I, so 15-21 months. The Probation Office argues TOL 17 in CHC I, so 24-30 months. The defendant submits both estimates are too high.

Probation's guideline is too high by 4 levels. It contends that defendant was an organizer or leader of a criminal activity that involved five or more participants, thereby adding four levels citing U.S.S.G. §3Bl.l. This contention requires defendant himself to be the "organizer or leader," a claim that the government does not support and which is contrary to the theory of the prosecution, that "gun purchases [were] made by OSCAR and others <u>for Aaron [Hernandez]</u>." PSR at ¶ 12.

The government contends that defendant's offense level is increased by 3 levels, because his false testimony in the grand jury resulted in substantial interference with the administration of justice, citing U.S.S.G. § 2J1.2(b)(2). "Substantial interference" requires more than simply false testimony:

> "Substantial interference with the administration of justice" includes a premature or improper termination of a felony investigation; an indictment, verdict, or any judicial determination based upon perjury, false testimony, or other false evidence; or the unnecessary expenditure of substantial governmental or court resources.

Application Note 1. Defendant's testimony had none of these effects, no improper outcome of an investigation, nor any substantial resources expended due to the testimony. Indeed, rather than stall or slow the no-holds-barred investigation into Aaron Hernandez, the transcript of the grand jury testimony shows defendant being overpowered by a relentless prosecutor who disbelieved his every word and who proceeded to demolish his every assertion with a powerful

2

cross examination. A partial sampling of the prosecutorial questions put to defendant follows, each revealing wholesale disbelief and each peppered with sarcasm:

> Q. So you couldn't have loaned your phone to someone else to receive an incoming call? It makes no sense at all, does it Mr. Hernandez? Tr. 28
> …
> Q. Let me cut to the chase, Mr. Hernandez. You never reported it stolen, did you? Tr. 8.
> …
> Q. How do you explain that record there, that call? Tr. 28.
> …
> Q. Just another one of those coincidences of someone else borrowing your phone, is that right? Tr. 30.
> …
> Q. Oh, that's convenient, Mr. Hernandez, don't you think? Tr. 31.
> …
> Q. Do you think there's something odd about that as well, Mr. Hernandez? Tr. 40.

The unrelenting grilling fills 57 transcript pages, as the prosecutor set up the unrepresented and overmatched defendant for a perjury indictment. A perjury prosecution may merit an enhancement due to a witness' skill in confounding or diverting an investigation, but none of that happened here. To suggest otherwise after any fair reading of the grand jury transcript would indeed, to use the government's phrase, be "something odd."

Defendant submits that the appropriate guideline is U.S.S.G. § 2K.2.l(a)(7), so base level 12, increased by 2 for number of firearms, and increased by 2 for obstruction,[1] less 3 for acceptance of responsibility, so 13 in CHC I, so 12-18 months.

C. Defendant's Personal Circumstances

Oscar Hernandez is 24, born in Pahokee, Florida. He and his two half-siblings were raised by loving parents in middle-class neighborhoods in Florida. He resided with his family

---

[1] See U.S.S.G. § 3C1.1: where a defendant (as here) is convicted both of an obstruction offense and an underlying offense (firearms), the count for the obstruction offense will be grouped with the count for the underlying offense under subsection (c) of §3D1.2 (Groups of Closely Related Counts). The offense level for that group of closely related counts will be the offense level for the underlying offense increased by the 2-level adjustment specified by this section or the offense level for the obstruction, whichever is greater. Here since the obstruction guideline by itself is 14 and this firearm guideline is 16, the firearm is the greater. So the 2 point enhancement is added here.

until he was 19 years old.  In the eleventh grade, he had withdrawn from high school, but in April 2009, resumed schooling through the Everglades Preparatory School in Belle Glade, where he earned his high school diploma.  He began college in the fall of 2009 at Santa Fe College in Gainesville, completing one semester.  He withdrew because his girlfriend had become pregnant and needed his financial support for their daughter, now age 3.  His girlfriend works as a crossing guard for the Sheriff's Department of Palm Beach; the couple has a strong relationship and he supports his child.

He is accustomed to hard work.  He started working at age 14 loading trucks.  He has worked as a security guard in 2013 to 2014 and thereafter as a full-time youth care worker at a locked facility housing juvenile offenders and was expecting a promotion at the time of his arrest.   He has carpentry and plumbing skills, and training in cabinet installation.  He has worked during his time in custody at Wyatt.

D.  Calculating a Reasonable Sentence

The sentence to be imposed here will be the first for defendant.  And it will predictably be his last since the circumstances are unlikely to be replicated.  He had become involved at the behest of an important acquaintance, awed to be in his company and grateful to be noticed, and had no way of anticipating the terrible events which would follow.  For his unreflective fealty to a celebrity, he has been transported in chains through multiple federal penal institutions to arrive in this district and then held for over a year.  While at Wyatt, he was beaten after having been incorrectly listed as a government witness by the Bristol District Attorney, and for a time was held in isolation in the aftermath of that beating.  His custody has been difficult and a very hard lesson.

For these reasons, defendant asks the Court to impose a term of one year and a day, which is a sentence which is sufficient but not greater than necessary to meet the sentencing objectives of 18 U.S.C. § 3553.

>OSCAR HERNANDEZ JR.
>By his attorney,
>
>/s Charles P. McGinty
>
>Charles P. McGinty
> B.B.O. #333480
>Federal Defender Office
>51 Sleeper Street, 5th Floor
>Boston, MA  02210
>Tel: 617-223-8061

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 21, 2015.

>/s/   Charles P. McGinty
>
>Charles P. McGinty